# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ZIKESHA ROGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GILLIAN FRAZIER and MARK FALLER,<br><br>    Defendants. | CAUSE NO.: 1:15-CV-256 |

## OPINION AND ORDER

The Plaintiff, Zikesha Rogan, proceeding pro se, sued Defendants Gillian Frazier and Mark Faller, alleging that she was discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964. This matter is before the Court on the Defendants' Motion for Summary Judgment [ECF No. 21]. The Defendants submit that they are entitled to judgment as a matter of law because there is no personal liability under Title VII, neither of the named Defendants were the decision makers in the employment decision at issue, the Defendants were not named in the EEOC Charge, Defendant Frazier was never served with the Complaint, and there is no evidence that any employment action the Defendant took against the Plaintiff was motivated by, or in any way related to, her race. According to the Defendants, the evidence shows that the Plaintiff was terminated for submitted false mileage reimbursement requests, including claiming mileage for days that she did not work.

The Plaintiff filed a one-page response [ECF No. 26] to the Defendant's Motion, stating that she did "not agree with everything stated" and still believed that "the matter causing me to be terminated was discrimination." The Plaintiff submits that she has proof that she was at work

on the days she claimed mileage. However, she did not designate any evidence or otherwise provide materials for the Court's consideration.

For the reasons stated in this Opinion and Order, the Court GRANTS the Defendants' Motion for Summary Judgment.

**FACTUAL BACKGROUND**

In June 2013, Bethesda Lutheran Communities (Bethesda) hired the Plaintiff as a Direct Support Professional to provide direct, personal support to individuals with intellectual and developmental disabilities who were living at Bethesda's community residential program in Fort Wayne, Indiana. On August 11, 2014, the Plaintiff was promoted to Lead Direct Support Professional. Additional job responsibilities that accompanied the promotion included overseeing an individual's finances, maintaining bills of the home, and transporting individuals to their outside appointments. Bethesda reimburses employees for mileage expenses when they use their own vehicles to drive for work-related trips from their designated place of employment.

On October 20, 2014, the Plaintiff's employment was terminated for falsifying mileage reimbursement forms. The two requests at issue were submitted on August 26 and September 8, 2014. The Plaintiff's immediate supervisor, Andrea Freeze, reviewed the forms and determined that they included too many miles for the places that the Plaintiff claimed she drove. Freeze directed the Plaintiff to redo the forms. The resubmitted forms still claimed too many miles for the trips. In addition, Freeze determined that the Plaintiff recorded driving on two days that the Plaintiff did not work. Bethesda uses four different time-keeping methods, and none of the methods confirmed that the Plaintiff had worked on those dates. For other dates, the trips she reported did not match up with her daily narrative of activity, a record that the Plaintiff was

required to maintain every day that she worked. Freeze, who made the decision to terminate the Plaintiff's employment, communicated her decision to the Plaintiff by telephone. A letter dated October 20, 2014, confirmed the termination for "falsified mileage reimbursement forms." (ECF No. 22-14.)

On November 24, 2014, the Plaintiff filed an Administrative Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) against Bethesda, alleging discrimination on the basis of race in violation of Title VII. After receiving her Dismissal and Notice of Rights, the Plaintiff filed a Notice of Claim in the Allen Superior Court, Small Claims Division, alleging that she was fired for no reason and attaching her Charge of Discrimination. The Plaintiff did not name Bethesda as a Defendant; she named Gillian Frazier, who was an Area Manager, and Mark Faller, Bethesda's Regional Director of Human Resources. The Defendants removed the matter to federal court on grounds that it was a continuation of the EEOC matter, and thus a claim over which the Court had original jurisdiction. The Plaintiff confirmed in her deposition testimony that the only claim she was asserting was for race discrimination under Title VII (Pl.'s Dep. 163, ECF No. 22-17 at 40.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "A district court should deny a motion for summary judgment only when the non-moving party presents

admissible evidence that creates a genuine issue of material fact." *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)).

## DISCUSSION

### A. Individual Claims Against Frazier and Faller

The Plaintiff alleges that the Defendants discriminated against her on account of her race in violation of Title VII, which makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of her race. 42 U.S.C. § 2000e-2(a)(1). Before filing suit, a Title VII plaintiff must file a charge with the EEOC and receive a right-to-sue letter. *See* 42 U.S.C. § 2000e-5. "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (explaining that this rule accords with the "principle of primary jurisdiction in the agency"). Title VII's charge requirement serves two primary purposes: "it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015) (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Hence, a Title VII claim falls within the scope of the charge so long as "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."

*Cheek*, 31 F.3d at 500. At a minimum, the charge and the complaint must both "describe the same conduct and implicate the same individuals." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek*, 31 F.3d at 501). "Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). As neither Defendant was named in the EEOC Charge, and there is no suggestion that they were given the given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, there has been no compliance with 42 U.S.C. § 2000e-5.

However, as it would not have been proper for the Plaintiff to name the individual Defendants in her Charge, her true misstep occurred when she named Frazier and Faller, instead of Bethesda, in her Complaint. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) ("It is by now well established in this court that 'a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.'") (quoting *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)).

For these reasons, the Defendants are entitled to judgment as a matter of law. Moreover, even if the Court construes the Plaintiff's claim as intending to be against the employer named in the EEOC Charge, it does not survive summary judgment.

### B.  No Disputed Issues of Fact Related to the Termination Decision

In its pending motion for summary judgment, the Defendants have identified those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, the Plaintiff was required to marshal and present the court with the evidence on which a reasonable jury could rely

5

to find in her favor. *See AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 613 (7th Cir. 2008). "When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) (citing *Celotex*, 477 U.S. 317). Pursuant to Fed. R. Civ. P. 56:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)-(A)–(B). When a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Even as a pro se litigant, the Plaintiff was required to follow the Federal Rules of Civil Procedure and is not excused from complying with her responsibilities. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that although "courts are required to give liberal construction to pro se pleadings[,] . . . it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure"). Additionally, the Defendant provided the Plaintiff with the Notice of Summary Judgment Motion [ECF No. 20] that is required by N.D. Ind. L.R. 56-1(f), informing the Plaintiff that, if she did not agree with the facts in the Defendants' Motion "you

6

must submit affidavits or other evidence to dispute those facts." (Notice of Summ. J. Mot. at 1.) The Plaintiff's Response, however, states only that "she does not agree with everything stated." Although the Plaintiff indicates that she has proof that she was working on the dates for which she submitted mileage reimbursement, she does not present any admissible evidence in support of this assertion. "At summary judgment, . . . saying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." *5443 Suffield Terrace*, 607 F.3d at 510.

The Plaintiff has not provided any evidence that "would permit a reasonable factfinder to conclude that the plaintiff's race . . . caused the discharge." *Ortiz v. Werner Enterps., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see also Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 840 (7th Cir. 2014) ("[T]he fundamental question at the summary judgment stage is simply whether a reasonable jury could find prohibited discrimination."). Even if it were proper to consider the Plaintiff's unsworn statement that she informed her employer that she did not know how to complete her mileage forms, and that she did not claim mileage for days she was not at work, this alone would not suggest unlawful discrimination. When attacking an employer's reason, a plaintiff must do more than disagree. Pretext is not shown merely by demonstrating that the employer erred or exercised poor business judgment; instead the plaintiff must establish that the employer did not believe the reasons it gave for the adverse employment action. *Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d 1039, 1044 (7th Cir. 2000). Thus, the only question asked is whether the Defendant had a legitimate, nondiscriminatory reason for firing the Plaintiff, not whether it made the correct decision. *Naik v. Beohringer Ingelheim Pharms., Inc.*, 627 F.3d 596, 601 (7th Cir. 2010) (citing *Ineichen v. Ameritech*, 410 F.3d 956, 961 (7th Cir. 2005) ("[I]t is not the court's concern that an employer may be wrong about its employee's performance, or be too

hard on its employee. Rather, the only question is whether the employer's proffered reason was pretextual, meaning that it was a lie.")). The Court must consider what evidence there is in the record that would suggest that the Plaintiff's employer did not believe that the Plaintiff falsified mileage reimbursement requests. There is none.

In short, the Plaintiff's claims under Title VII fail because she puts forth no evidence that would enable a reasonable jury to find that the nondiscriminatory reason Freeze offered in support of her termination was a lie contrived to mask discrimination based on race. Because the Plaintiff has not presented the court with evidence on which a reasonable jury could rely to find in her favor, *see Goodman*, 621 F.3d at 654, the Defendants are entitled to judgment as a matter of law on the claim that her termination from employment with Bethesda was the result of race discrimination.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the Defendants' Motion for Summary Judgment [ECF No. 21]. The Clerk will enter judgment in favor of the Defendants and against the Plaintiff.

SO ORDERED on March 20, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT